# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**EDWARD JUAN LYNUM,**

      **Plaintiff,**

**v.**                                            **Case No: 5:19-cv-567-Oc-30PRL**

**PAUL MILITELLO, ALIYA KARAM**
**KILLION, and DANIEL B. MERRITT,**
**SR.,**

      **Defendants.**

_____

## REPORT AND RECOMMENDATION[1]

Plaintiff, a licensed attorney proceeding *pro se*, has filed a complaint against two judges and his former wife, Aliya Karama Killion. Plaintiff claims that all three defendants have violated his constitutional rights. Plaintiff seeks $300,000 in damages, as well as injunctive and declaratory relief. Plaintiff moves the Court to proceed *in forma pauperis*. (Doc. 5). For the following reasons, the motion should be denied, and the Complaint dismissed.

### I.      Legal Standards

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief. *Id.* 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). The district court may dismiss a complaint under § 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id.* at 640. For example, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *Id.* at 640, n. 2. "When the defense is apparent from the fact of a complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.* "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

In evaluating a complaint under §1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Id.* at 1949. A pleading is

insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. 544, 555.

## II.   Background

This action arises out of Ms. Killion's petition for an injunction against stalking under Florida law. Judge Paul Militello signed a temporary injunction for Ms. Killion to prevent Plaintiff from contacting her. (Doc. 1-1). After signing the temporary injunction, Judge Militello disqualified himself from the case (Doc. 1-3), and the next day, Judge Daniel B. Merritt, Sr. signed an amended temporary injunction against Plaintiff. (Doc. 1-4). Judge Merritt later scheduled a hearing for the injunction on November 6, 2019. (Doc. 1-5).

In his complaint, Plaintiff specified four counts arising under 42 U.S.C. § 1983. Count I is for civil conspiracy, Count II is for malicious prosecution, Count III is for retaliation, and Count IV is for deprivation of federal civil rights. Plaintiff claims he is an African American candidate for circuit court judge of the Fifth Judicial Circuit and that all of Defendants' actions are to preclude his candidacy by injuring his reputation, humiliating him, and embarrassing him. (Doc. 1). Plaintiff also claims that Defendants' actions include "racial intimidation methods" that "intend to deter Plaintiff from seeking this seat." (Doc. 1). Plaintiff seeks (1) an emergency and preliminary injunction staying the state court order and Defendants' conduct, (2) a preliminary judgment declaring the state order and actions deprive Plaintiff's protections as guaranteed by the Fourteenth Amendment to the United States Constitution, (3) compensatory damages against all Defendants jointly and severally in an amount no less than $300,000 with final amount to be determined at trial, (4) punitive damages, and (5) attorney's fees and costs.

III.     Discussion

Plaintiff's claims for injunctive and declaratory relief should be dismissed under *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny which instruct district courts to "refrain from enjoining pending state court proceedings except under special circumstances." *Old Republic Union Ins. Co. v. Tillis Trucking Co.*, 124 F.3d 1258, 1261 (11th Cir.1997) (explaining that Younger abstention applies to injunctions and declaratory judgments that would effectively enjoin state proceedings). The Younger abstention doctrine asks three questions: "first, do the proceedings constitute an ongoing state judicial proceeding; second, do [the proceedings] implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003) (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). If the answer to those inquiries is "yes," then federal courts must abstain from intervention in the ongoing, state-court proceedings.

Here, Plaintiff takes issue with the issuance of a temporary stalking injunction in a state court proceeding, Case No. 2019-DR-543, which was ongoing when he filed his complaint in this Court. (Docs. 1-4, 1-5). Thus, this case is an "ongoing judicial proceeding," and entertaining the relief requested by Plaintiff's Complaint would "directly interfere with" the state court proceedings by barring their continuation. *See 31 Foster Children*, 329 F.3d at 1276. As to the second question, it is well-settled that matters involving public safety implicate important state interests. *Yarbrough v. City of Jacksonville*, 363 F. Supp. 1176, 1183 (M.D. Fla. 1973). And for the final question, Plaintiff has not met his "burden of establishing that the state proceedings do not provide an adequate remedy for [his] federal claims." *31 Foster Children*, 329 F.3d at 1279. A federal court "should assume that state procedures will afford an adequate remedy, in the absence of

unambiguous authority to the contrary." *Id.* And what matters is whether Plaintiff is procedurally prevented from raising his constitutional claims in the state courts—not whether his claim would likely succeed on the merits in the state court. *Davis v. Self*, 547 F. App'x 927, 931 (11th Cir. 2013) (quoting *Pompey v. Broward Cty.*, 95 F.3d 1543, 1551 (11th Cir. 1996)). Here, Plaintiff does not claim he was procedurally barred from raising his constitutional claims in state court. Accordingly, abstention is appropriate.

Moreover, to the extent that Plaintiff is seeking to void a prior state court judgment, the Court lacks jurisdiction over such claims under the *Rooker-Feldman* doctrine. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). "The doctrine is a jurisdictional rule that precludes the lower federal courts from reviewing state court judgments." *Alvarez v. Att'y Gen. for Fla.,* 679 F.3d 1257, 1262 (11th Cir. 2012). It is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* The doctrine "operates as a bar to federal court jurisdiction where the issue before the court was inextricably intertwined with the state court judgment" so "the federal claim would succeed only to the extent that the state court wrongly decided the issues." *Id.* at 1262–63 (quotation marks omitted).

Likewise, Plaintiff's claims against Judge Militello and Judge Merritt[2] for damages under § 1983 are barred by judicial immunity. Judges are immune from liability for damages for acts committed in a judicial capacity and within their judicial jurisdiction. *Simmons v. Conger*, 86 F.3d

---

[2] In the style of Plaintiff's complaint, he includes Judge Merritt, Sr. in his official capacity as Senior Judge of the Fifth Judicial Circuit of Florida. (Doc. 1). To the extent that Plaintiff seeks to bring a suit against the Fifth Judicial Circuit, such a claim would be improper and is equally due to be dismissed. *See Brown v. Jones*, No. 4:16cv777, 2017 WL 2783988 (N.D. Fla. June 26, 2017) (determining that the Florida Fifth District Court of Appeal and Circuit Court for the Ninth Judicial Circuit are not suable entities).

1080, 1085 (11th Cir. 1996). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Hyland v. Kolhage,* 267 F. App'x 836, 839-40 (11th Cir. 2008) (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). This immunity extends to circumstances where judges are "accused of acting maliciously and corruptly" in exercising their judicial decision-making power. *Pierson v. Ray*, 386 U.S. 547, 553-554 (1967) (noting that "[f]ew doctrines are more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction"). It protects judicial independence by "insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225 (1988). Although Plaintiff claims he is suing both judges for damages in their "individual capacity" and not their "official capacity," each action that Plaintiff challenges occurred while the judges presided over the state court proceeding involving the temporary stalking injunction. (Doc. 1). Those actions were "judicial in nature" and taken within the judges' judicial jurisdiction. *Mireles v. Waco,* 502 U.S. 9, 12 (1991). And it is irrelevant whether Plaintiff is correct that those actions were "vile, malicious, and racially offensive." *Manning v. Harper*, 460 F. App'x 872, 876 (11th Cir. 2012).

Finally, Plaintiff's claims against Ms. Killion fail because she is a private individual, and her behavior does not rise to the level of state action. *Sofarelli v. Pinellas Cty.*, 931 F.2d 718, 723 (11th Cir. 1991). Private conduct is not actionable under § 1983. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Rather, to state a claim for relief, the alleged deprivation of a constitutional right must occur by a person acting under color of state law. *Id.*; *Patrick v. Floyd Med. Ctr.,* 201 F.3d 1313, 1315 (11th Cir. 2000) ("[T]he party charged with the deprivation must

be a person who may fairly be said to be a state actor."). Here, Plaintiff has not alleged that Ms. Killion acted under color of state law or engaged in any state action. Thus, Plaintiff has failed to allege a claim under § 1983.

Finally, although Plaintiff is proceeding *pro se*, he is still obligated to comply with Federal Rule of Civil Procedure 11(b), which provides that "an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances":

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

A plaintiff's failure to comply with Rule 11(b), may subject him to sanctions under Rule 11(c). *See, e.g.*, *Overcash v. Shelnutt*, 753 F. App'x 741, 743 (11th Cir. 2018) (affirming sanctions where the plaintiff sued judicial officers related to his divorce and dependency proceedings and agreeing with "the district court's assessment that this is precisely the type of litigation that the doctrine of judicial immunity was intended to address: judges 'should not have to fear that unsatisfied litigants may hound [them] with litigation charging malice or corruption' when they bring unsuccessful claims." Citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *Weinstein v. City of N. Bay Vill.*, 977 F.Supp.2d 1271, 1281–82 (S.D. Fla. 2013)).

## IV.      Recommendation

For the reasons stated above, it is respectfully **RECOMMENDED** that Plaintiff's Motion to

Proceed *in forma pauperis* (Doc. 5) be **DENIED**, and the Complaint (Doc. 1) be **DISMISSED**.

Recommended in Ocala, Florida on November 25, 2019.


PHILIP R. LAMMENS
United States Magistrate Judge


Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy